UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DEWAINE KIDD,<br><br>    Plaintiff,<br><br>  v.<br><br>RON BROOMFIELD,<br><br>    Defendant. | Case No. 20-cv-08694-JCS<br><br>**ORDER OF SERVICE** |

# INTRODUCTION

Plaintiff has stated a cognizable claim under 42 U.S.C. § 1983 against defendant, the Warden at San Quentin State Prison. Defendant is directed to file a dispositive motion or notice regarding such motion on or before **July 14, 2021**. The Court further directs defendant to adhere to the notice provisions detailed in Sections 2.a and 10 of the conclusion of this order.

Plaintiff has consented to magistrate judge jurisdiction. (Dkt. No. 6.)

# DISCUSSION

**A.    Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff alleges defendant, the Warden of San Quentin State Prison, is responsible for the failure of prison personnel to take adequate precautions to curb the spread of the COVID-19 virus, which has resulted in plaintiff contracting the virus. When liberally construed, these allegations state a cognizable claim for relief against defendant for being deliberately indifferent to plaintiff's safety, in violation of plaintiff's Eighth Amendment rights.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Defendant Warden Ron Broomfield shall be served at San Quentin State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide

1   the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s)
2   listed in this order will be waiving service of process without the need for service by the United
3   States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be
4   reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the
5   California Attorney General's Office which, within 21 days, shall file with the court a waiver of
6   service of process for the defendant(s) who are waiving service.

7   Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each
8   defendant who has not waived service according to the CDCR Report of E-Service Waiver a
9   USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies
10  of this order, the summons, and the operative complaint for service upon each defendant who has
11  not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-
12  Service Waiver.

13  2. On or before **July 14, 2021**, defendants shall file a motion for summary
14  judgment or other dispositive motion with respect to the claim(s) in the complaint found to
15  be cognizable above.

16  a. If defendants elect to file a motion to dismiss on the grounds plaintiff
17  failed to exhaust his available administrative remedies as required by 42 U.S.C.
18  § 1997e(a), defendants shall do so in a motion for summary judgment, as required by
19  *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

20  b. Any motion for summary judgment shall be supported by adequate
21  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
22  Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor
23  qualified immunity found, if material facts are in dispute.  If any defendant is of the
24  opinion that this case cannot be resolved by summary judgment, he shall so inform the
25  Court prior to the date the summary judgment motion is due.

26  3. Plaintiff's opposition to the dispositive motion shall be filed with the Court
27  and served on defendants no later than forty-five (45) days from the date defendants'
28  motion is filed.

4.     Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.     All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this order. Such requests must be made directly to jail officials, not to the court.

8.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment

motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939–41 (9th Cir. 2012).  Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

11.   Plaintiff has consented to magistrate judge jurisdiction.  (Dkt. No. 6.)

**IT IS SO ORDERED.**

**Dated:**  April 13, 2021

JOSEPH C. SPERO
United States Chief Magistrate Judge