UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DEWAINE KIDD,<br>  Plaintiff,<br>v.<br>RON BROOMFIELD,<br>  Defendant. | Case No. 20-cv-08694-JCS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. No. 15 |

**INTRODUCTION**

Plaintiff alleges that correctional staff at San Quentin State Prison fail to wear masks and gloves, thereby increasing his chances of contracting COVID. As pointed out in defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), these allegations fail to state a claim for relief or tie responsibility to the sole defendant, Ron Broomfield, the Warden of San Quentin. Accordingly, defendant's motion to dismiss is GRANTED. (Dkt. No. 15.) The complaint is DISMISSED with leave to file an amended complaint on or before **June 1, 2022**.

Failure to file a proper amended complaint by June 1, 2022 will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The parties have consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. Nos. 6 and 12.)

## DISCUSSION

### A. Standard of Review

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff alleges he has twice contracted COVID during the pandemic, throughout which he has been housed at San Quentin State Prison. (Compl., Dkt. No. 1 at 3.) He alleges he has seen correctional staff "walking around without wearing mask[s] while passing out food or mishandling food with no gloves" which increases his chances of catching COVID for a third time. (*Id.*) His complaint names Ron Broomfield, the Warden of San Quentin, as the sole defendant, but his allegations do not mention Broomfield or describe any act he took or tie him in any way to the alleged wrongs.

This is insufficient under pleading standards. A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Because plaintiff has failed to allege any facts linking responsibility to Broomfield or to anyone, he has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Also, plaintiff has not alleged facts showing that the defendant had the requisite state of mind to violate plaintiff's Eighth Amendment rights. To show a violation of the Eighth Amendment, a plaintiff must show (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *Farmer*, 511 U.S. at 834. The allegations contain nothing regarding the named defendant's state of mind.

Accordingly, the complaint is DISMISSED with leave to file an amended complaint in which he must state specific facts linking liability to a specific person or persons.

In composing his amended complaint, plaintiff should keep in mind the following. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983

unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

Plaintiff must be mindful about naming as defendants persons who occupy supervisory positions, such as defendant Broomfield. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This means that it is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 676 (noting no vicarious liability under Section 1983 or *Bivens* actions).

Plaintiff may wish to state whether he has been vaccinated against COVID, as such a fact is relevant in determining what risks plaintiff is facing.

Plaintiff is directed to file an amended complaint on or before June 1, 2022 to correct these deficiencies.

## CONCLUSION

Plaintiff is directed to file an amended complaint on or before **June 1, 2022**. The amended complaint must include the caption and civil case number used in this order (20-08694 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above and appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

If plaintiff does not file an amended complaint by June 1, 2022, or if the amended complaint is insufficient, this suit will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

4

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:**  April 27, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge